Case 4:23-cv-04568   Document 30   Filed on 06/10/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIREN LEWIS, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-4568 |
| | § | |
| CROSSCOUNTRY MORTGAGE, ET AL., | § | |
|     *Defendants*. | § | |

## **MEMORANDUM AND RECOMMENDATION**

This case involving Plaintiff's mortgage loan, in which Plaintiff is proceeding pro se, is before the Court on Defendant CrossCountry Mortgage's (CCM's) Motion to Dismiss.  ECF 16.  The Court previously terminated Dovenmuehle Mortgage, Inc.'s (DMI's) Motion to Dismiss (ECF 8) without prejudice to refiling.  The Court construes the pending Motion to Dismiss as DMI's renewed Motion to Dismiss by virtue of its joinder in Defendants' joint Reply.[1]  ECF 16; ECF 23.  Plaintiff has filed a Response.  ECF 20.  Having reviewed the parties' submissions and the law, the Court recommends that Defendants' Motion to Dismiss be GRANTED and this case be dismissed with prejudice.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 7.

## I.     Background

The United States District Court for the Northern District of Ohio, Eastern Division, transferred this case to the Southern District of Texas. ECF 5. After transfer, the Court granted Plaintiff access to the Court's electronic filing system (ECF 11) and leave to proceed in forma pauperis (ECF 14). The Court informed Plaintiff that her case would be dismissed if, at any time, the Court determined it was frivolous, malicious, or failed to state a claim on which relief could be granted. ECF 14 (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)). The Court ordered Plaintiff to file an Amended Complaint on or before March 6, 2024, and terminated DMI's initial Motion to Dismiss (ECF 8) without prejudice to refiling once Plaintiff filed her Amended Complaint. *Id.* Plaintiff did not comply with the Court's order to file an Amended Complaint by March 6, 2024. The Court recently denied Plaintiff's late-filed Motion for Leave to Amend. ECF 28.

Defendants' Motion to Dismiss argues that Plaintiff's Complaint alleges unspecified accounting errors and a RESPA "12 CFR 1026.13 violation" but fails to specify the nature of the violation. ECF 16 at 3 (citing Section III of the Complaint). Defendants argue that under RESPA, Plaintiff cannot recover for the non-monetary injuries of harassment and stress, and that she has not alleged monetary injuries. *Id.* Defendants also argue that Plaintiff's case should be dismissed for the independent reason that she did not comply with the Court's February 14, 2024 Order.

## II. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. See FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*,

3

500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court considers all documents attached to Plaintiff's Complaint, Motion to Amend (ECF 19), and Response (ECF 20), because they are central to her claims.

### III. Analysis

Pursuant to Rule 12(b)(6), Plaintiff's Complaint should be dismissed with prejudice because: (1) her claims are wholly conclusory and do not identify specific wrongdoing by Defendants which violated a specific statute; (2) Plaintiff cannot recover under RESPA for nonpecuniary damages under *Duncan v. LNV Corp.*, No. CV H-11-3797, 2012 WL 13041999, at *6 (S.D. Tex. July 20, 2012) (holding "[o]nly actual damages—not nonpecuniary losses—are recoverable for a RESPA violation.")). In addition, pursuant to Rule 41(b), Plaintiff's Complaint should be dismissed based on her failure to comply with the Court's February 14, 2024 Orders (ECF 14; ECF 15) requiring her to file an Amended Complaint on or before March 6, 2024 which contained a more definite statement of her claims.[2]

---

[2] Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss a case with prejudice for failure to comply with a court order if the failure is caused by intentional conduct. *Morgan v. Americas Ins. Co.*, 759 F. App'x 255, 257 (5th Cir. 2019). Given that the Court issued two Orders on February 14, 2024 clearly stating that "the Court has issued an Order requiring Plaintiff to file an Amended Complaint containing a more definite statement of her claims on or before March 6, 2024," the Court concludes that Plaintiff's failure to comply was intentional. ECF 14; ECF 15. Therefore, under Rule 41(b), this case is subject to dismissal with prejudice.

Plaintiff's pleadings and Response consist mainly of a references to statutes and jumbled statements about purported statutory violations without any factual support for the alleged violations. As the Court noted in its February 14, 2024 Order, a December 2022 letter attached to Plaintiff's Complaint indicates that she may be attempting to state a claim for a Defendant's failure to properly credit COVID relief funds to her account. ECF 14; ECF 1-6. But the Complaint itself, which she declined to Amend by the required deadline, does not allege a failure to properly credit COVID relief funds and does not connect the alleged error to any particular cause of action or statutory violation. Plaintiff's own evidence, submitted in connection with her Motion for Leave to Amend, indicates that as of January 1, 2024, Plaintiff had not made loan payments that were due on June 1, 2023 through December 1, 2023. ECF 19-1 at 2. Because Plaintiff has not stated a plausible claim for relief, Defendants' Motion to Dismiss should be granted.

In addition, the Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF 14. When a plaintiff is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915, the court "shall dismiss the case at any time if the court determines" that the case is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added); *Provino v. Suisse*, No. 1:21-CV-143, 2021 WL 3751163, at *2 (E.D. Tex. July 28, 2021) (recommending sua sponte dismissal under 28 U.S.C. § 1915(e)(2)

because "Plaintiff's claims are improbable, attenuated, unsubstantial, frivolous, and devoid of merit."). Nothing in Plaintiff's Response to the Motion to Dismiss (ECF 20) addresses the deficiencies in Plaintiff's Complaint which were detailed by the Court in its prior Order. ECF 14. The Court finds that Plaintiff's Complaint is frivolous and fails to state a plausible claim for relief as to any named Defendant. Because Plaintiff has already had an opportunity to amend her complaint and her filings indicate that any further amendment would be futile, the Court recommends that this case be dismissed with prejudice under 28 U.S.C. § 1915(e).

## IV.   Conclusion and Recommendation

For the above reasons, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 16) be GRANTED. The Court further RECOMMENDS that Plaintiff's claims against all Defendants be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

6

Signed on June 10, 2024, at Houston, Texas.

                                              Christina A. Bryan
                                     United States Magistrate Judge